UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
JOHN C. MUNGER, *et al.*                            :
                                                    :          CASE NO. 1:11-CV-00585
                          Plaintiffs,               :
                                                    :
vs.                                                 :          OPINION & ORDER
                                                    :          [Resolving Doc. Nos. 10, 11]
DEUTSCHE BANK, etc., *et al.*                       :
                                                    :
                          Defendant.                :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this debt collection and consumer protection case, Defendants Deutsche Bank National

Trust Company ("Deutsche Bank"), Bank of American Home Loans Servicing, LP ("Bank of

America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide Home Loans,

Inc. ("Countrywide"), Matthew C. Gladwell ("Gladwell"), and Reisenfeld & Associates, LPA, LLC

("Reisenfeld") separately move for judgment on the pleadings under Rule 12(c).  [Doc. 10; Doc. 11.]

The Plaintiffs oppose the motions.  [Doc. 13; Doc. 14.]   The Defendants replied.  [Doc. 17; Doc.

18.]

       For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the

Defendants' motions for judgment.

## I.  Background

Plaintiffs John Munger and Kelly Clark file suit alleging violations of state and federal

Case No. 1:11-CV-00585
Gwin, J.

consumer protection statutes. [Doc. 2-1.] Specifically, the Plaintiffs bring claims alleging abuse of process under Ohio state law (count one); malicious prosecution under Ohio state law (count two); the filing frivolous lawsuits under Ohio Revised Code § 2323.51 (count three); violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1601 (count four); civil conspiracy under Ohio state law (count five); and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Ohio Consumer Sales Protection Act, O.R.C. Chapter 1345 (count six). [Id.]

This action was originally filed in the Cuyahoga County Court of Common Pleas and was removed to federal court on March 22, 2011. [Doc. 2.] In addition to the moving Defendants listed above, the Plaintiffs also file suit against Accredited Home Lenders, Inc. ("Accredited") and MERS employee Sandra Williams ("Williams"). [Id.] The Court has ~~proper~~ subject matter jurisdiction over the federal claims and supplemental jurisdiction over the claims brought under Ohio state law. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

This action arises from a mortgage on a home owned by the Plaintiffs, which is located at 18524 Parkland Drive, Shaker Heights, Ohio. [Doc. 2-1 at 3.] In March, 2004, presumably as part of the purchase of this property, the Plaintiffs executed a promissory note under which they agreed to pay $333,000 to Defendant Accredited. [Id. at 4.] On April 16, 2010, Defendants Matthew Gladwell, an attorney, and Reisenfeld, a law firm, filed an action on behalf of Defendant Deutsche Bank in the Cuyahoga County Court of Common Pleas to foreclose on the Plaintiffs' Shaker Heights property. [Doc. 2-2.] Defendant Deutsche Bank voluntarily dismissed this action on September 16, 2010. [Id.]

The Plaintiffs allege that Deutsche Bank lacked proper standing to file this suit. [Doc. 2-1 at 4.] Specifically, the Plaintiffs allege that an "allonge" attached to the complaint, which purported

Case No. 1:11-CV-00585
Gwin, J.

to assign the interest in the promissory note from Defendant Accredited to Defendant Deutsche Bank, was not properly executed and that the interest in the note never validly transferred. [*Id.* at 4.] Although the Plaintiffs make no allegations in their complaint related to Defendants Williams or MERS, in their opposition to the motion for judgment the Plaintiffs claim that Williams, an officer of MERS, improperly executed an assignment of the Plaintiffs' promissory note from Defendant Accredited to Defendant Deutsche Bank. [Doc. 14 at 6.]

The Plaintiffs say that on April 15, 2008, they entered into a loan modification with Defendant Countrywide, the servicer of the loan, and that they made mortgage payments to Countrywide under the terms of this modification. [Doc. 2-1 at 4-5.] The Plaintiffs allege that Defendant Bank of America later notified them that it would be servicing the loan. [*Id.* at 5.] As part of a proposed loan modification, the Plaintiffs say that Bank of American represented that if three consecutive payments were made that the loan would be converted from a variable to a fixed rate mortgage. [*Id.* at 5.] The Plaintiffs allege that despite making three timely payments, the loan was never switched to a fixed rate and that Bank of America also did not correctly credit loan payments to the outstanding balance. [*Id.* at 5.] The Plaintiffs say this breached the loan modification agreement and the terms of the mortgage. [*Id.* at 6.] On July 26, 2010, Bank of America notified the Plaintiffs that their mortgage debt was being accelerated, even though Deutsche Bank was suing them to foreclose at the same time. [*Id.* at 6.]

During the pendency of the lawsuit against them, the Plaintiffs say that they moved to Texas and also received an offer from a buyer to purchase the Shaker Heights property. [*Id.* at 6.] However, despite efforts to contact defense counsel, the Plaintiffs allege that the Defendants refuse to cooperate with the Plaintiff by removing "clouds on the title," such as the "invalid mortgage," to

Case No. 1:11-CV-00585
Gwin, J.

allow for the sale of the property.  [*Id.* at 6-7.]

Defendants now move separately for a judgment on the pleadings under Rule 12(c). Defendants Gladwell and Reisenfeld move for judgment on the Plaintiffs' claims for abuse of process, malicious prosecution, frivolous conduct, civil conspiracy, and for violation of the Ohio Consumer Sales Practices Act.  [Doc. 10.]  Defendants Deutsche Bank, Bank of America, Countrywide, and MERS move for judgment on the Plaintiffs' claims for abuse of process, malicious prosecution, frivolous conduct, civil conspiracy, for violation of the Ohio Consumer Sales Practices Act, and for violation of the FDCPA.  [Doc. 11.]

## II. Legal Standard

On a motion for judgment on the pleadings under Federal Civil Rule 12(c), the Court uses the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  See *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Id.* (citation omitted). Additionally, on a 12(c) motion, the Court may consider exhibits incorporated by reference into the pleadings.  *Haeberle v. University of Louisville*, 90 F. App'x 895, 897 n.1 (6th Cir. 2004) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

## III. Analysis

*III.A  Abuse of Process (Count One)*

The Plaintiffs bring a claim for abuse of process under Ohio state law.  Under Ohio law, the elements of a claim for abuse of process are that: "(1) that a legal proceeding has been set in motion

Case No. 1:11-CV-00585
Gwin, J.

in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage has resulted from the wrongful use of process." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676 (6th Cir. 2005) (quoting *Yaklevich v. Kemp, Schaeffer, & Rowe Co. et. al.*, 626 N.E.2d 115, 116 (Ohio 1994)). "The tort action termed 'abuse of process' has developed for 'cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" *Yaklevich*, 626 N.E.2d at 118 (quoting Prosser & Keeton, The Law of Torts (5th ed.1984) 897, Section 121). Thus, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* at 118 n.2 (citing Prosser & Keeton, *supra*, at 898). Rather, in an abuse of process case, "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 14 (Ohio 1996).

Here, even accepting the Plaintiff's allegations as true, their claim for abuse of process fails. The Plaintiffs claim that the Defendants' conduct constitutes abuse of process because they filed the foreclosure action in an attempt "fool the judge into rubber-stamping a judgment in their favor" and that this goal was an attempt to "pervert[] the foreclosure proceeding . . . to accomplish an ulterior motive for which it was not designed." [Doc. 13 at 1; Doc. 14 at 12-13.] This argument seems to misunderstand the point of an abuse of process claim. Indeed, the Plaintiffs own allegations negate several of the elements of this cause of action.

-5-

Case No. 1:11-CV-00585
Gwin, J.

On the first element – a legal proceeding initiated in proper form and with probable cause – the Plaintiffs allege that the Defendant Deutsche Bank did *not* have the proper standing to initiate the foreclosure action.  In claiming that the Deutsche Bank did not have standing and resulting probable cause to sue, the Plaintiffs seek to prove the exact opposite of this element of the abuse of process claim.  Similarly, on the second element of the abuse of process claim – the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed – the Plaintiffs own allegations again negate this element.  The Plaintiffs claim that the Deutsche Bank initiated the foreclosure action without standing in the hope that it could force the Plaintiffs out of their home and improperly receive a favorable foreclosure judgment.  [Doc. 13 at 1-2.]  However, the proper purpose of a foreclosure action is to force people out of their homes and to receive a favorable foreclosure judgment; the Plaintiffs are alleging not that the Deutsche Bank used a foreclosure action for an improper purpose, but instead that Deutsche Bank instituted foreclosure actions without reasonable hope of success.

"'[A]buse of process differs from malicious prosecution in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning.'"  *Clermont Environmental Reclamation Co. v. Hancock*, 474 N.E.2d 357, 362 (Ohio Ct. App. 1984); *see also Avco Delta Corp. v. Walker*, 258 N.E.2d 254, 257 (Ohio Ct. App. 1969) ("the malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect").  Here, rather than using the lawsuit to obtain a collateral advantage, the Plaintiffs allege that the Deutsche Bank filed the appropriate type of action for their ultimate goal – foreclosure of a home – but filed that action without proper probable cause.  *See*

-6-

Case No. 1:11-CV-00585
Gwin, J.

*Havens-Tobias v. Eagle*, 2003 WL 1601461, at * 5 (Ohio Ct. App., Mar. 28, 2003).

Accordingly, since the Plaintiffs' allegations do not make out a claim for abuse of process, the Court **GRANTS** the Defendants' motions for judgment on this claim.

*III.B  Malicious Prosecution (Count Two)*

The Plaintiffs also make a claim of malicious civil prosecution. [Doc. 2-1 at 7.] To state a claim for malicious prosecution under Ohio law, a plaintiff must prove:  "(1) malicious institution of prior proceedings against the plaintiff by defendant . . .  (2) lack of probable cause for the filing of the prior lawsuit, . . .  (3) termination of the prior proceedings in plaintiff's favor, . . . and (4) seizure of plaintiff's person or property during the course of the prior proceedings."  *Robb*, 662 N.E.2d at 13  (citing *Crawford v. Euclid Nat'l Bank*, 483 N.E.2d 1168, 1171 (Ohio 1985)).

Under the first element, malicious institution of prior proceeding, the Court finds that this element is adequately alleged.  The Plaintiff alleges that the Defendants filed the foreclosure actions with malice since they did not have standing sue. [Doc. 2-1 at 4.]  This allegation, if proven true, would likely satisfy the malice element of a claim of malicious prosecution.  *See Eberhart v. Paintiff*, 2005 WL 1962993 at *6 (Ohio Ct. App., Aug. 17, 2005)* ("Malice may be inferred from the absence of probable cause.").

On the second element, the Plaintiffs also adequately allege that the Defendants lacked probable cause for the filing of this lawsuit.  In the complaint, the Plaintiffs say that Deutsche Bank was not the proper holder of the mortgage note and lacked standing to sue.  [Doc. 2-1 at 4.] Therefore, this element is satisfied for purposes of a motion to dismiss.

As to the third element – termination of the prior proceeding in favor of the plaintiff – the Plaintiffs allege that all of the underlying foreclosures were terminated in their favor because

-7-

Case No. 1:11-CV-00585
Gwin, J.

Deutsche Bank voluntarily dismissed the action. This allegation sufficiently alleges the third element. *See Vitrano v. CWP Lmtd. Partnership*, 1999 WL 1261151, at *4 (Ohio Ct. App., Dec. 22, 1999).

The Plaintiffs here, though, fail to adequately allege the fourth element – seizure of plaintiff's person or property during the course of the prior proceedings. None of the Plaintiffs allege that their property was seized due to the actions of the Defendants, which is fatal to their claim of malicious prosecution. Ohio courts have emphasized that the seizure element is a necessary component of a claim for malicious civil prosecution and that the claim cannot survive without a seizure of property. *See Robb*, 662 N.E.2d at 14.

Indeed, a claim for malicious civil prosecution does not lie simply because a previously filed claim is meritless, but rather, only in cases "where there is a prejudgment seizure of property, i.e., where there essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself." *Id.* at 14. The Plaintiffs argue that the filing of a lawsuit against real property (*lis pendens*) is the statutory substitute for an actual seizure and would satisfy the seizure element. [Doc. 13 at 3-4; Doc. 14 at 13-14.] This type of argument has been rejected by Ohio courts. *See, e.g.*, *Clauder v. Holbrook*, 2000 WL 98218 at *2 (Ohio Ct. App., Jan. 28, 2000) (holding that rendering a title to land unmarketable during pendency of a lawsuit is not a seizure for purposes of malicious prosecution). Rather, this element of the cause of action has been strictly interpreted to apply only to actual seizures of actual real or personal property. *See, e.g.*, *Aames Capital Corp. v. Wells*, 2002 WL 500320 at *6 (Ohio Ct. App. Apr. 3, 2002) ("Damage to a person's credit, however, does not constitute seizure of property with regard to a malicious prosecution claim."); *Ahlbeck v. Joelson*, 1997 WL 458460, at *3 (Ohio Ct. App., Aug.

Case No. 1:11-CV-00585
Gwin, J.

8, 1997) (freezing of assets during bankruptcy proceedings caused by suit does not satisfy seizure

element). Because it is clear from the complaint that the Plaintiffs' property was never seized during

the course of the foreclosure proceedings instituted against them, the Court finds that they do not

adequately plead this cause of action and the Court **GRANTS** the Defendants' motions for judgment

on this claim.

*III.C Frivolous Conduct – Ohio Revised Code Section 2323.51 (Count Three)*

The Plaintiffs bring a claim under Ohio Revised Code Section 2323.51, saying that the

Defendants filed a frivolous lawsuit against them. [Doc. 2-1.] The Defendants say that this is not

a stand-alone cause of action and also say that the claim must be dismissed as untimely. [Doc. 10

at 6; Doc. 12 at 7.]

Under Section 2323.51, a litigant may receive an award of attorney's fees where their

opponent has been found to have engaged in "frivolous conduct," which is defined, *inter alia*, as

conduct that is meant "merely to harass or maliciously injure" or "is not warranted under existing

law [or] cannot be supported by a good faith argument," as making "allegations or other factual

contentions that have no evidentiary support," or as denials "or factual contentions that are not

warranted by the evidence." O.R.C. § 2323.51(A)(2)(a)(i)-(iv).

The Plaintiffs claim under the this statute fails. The proper forum for a motion brought

under O.R.C. Section 2323.51 would be in the original state court foreclosure action filed against

the Plaintiffs. Indeed, the "[r]elief under R.C. 2323.51 is obtained by filing a motion in a pending

case," and not in a later separate civil action. *Gevedon v. Gevedon*, 855 N.E.2d 548, 553 (Ohio Ct.

App. 2006); *see also Roo v. Sain*, 2005 WL 1177940, at *5 (Ohio Ct. App. 2005). In that regard,

Section 2323.51 is quite similar to Federal Rule of Civil Procedure 11, which ~~itself~~ does not create

Case No. 1:11-CV-00585
Gwin, J.

a separate cause of action, but rather, creates a means of punishing misconduct in a pending action.

*See Sawyer v. Sinkey*, 610 N.E.2d 1219, 1223 (Ohio Ct. App. 1992).  The Plaintiffs attempt to

improperly use that statute in this suit must be dismissed – the Court, therefore, **GRANTS** the

motions for judgment on this claim.

*III.D   Fair Debt Collection Practices Act (FDCPA) (Count Six)*

Deutsche Bank, Bank of America, Countrywide, and MERS also move for judgment on the

Plaintiffs' FDCPA claim. [Doc. 10; Doc. 11.]  Congress enacted the FDCPA in order to eliminate

"the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15

U.S.C. § 1692(a).  In order to establish a claim under the FDCPA, a plaintiff must establish that:  (1)

he or she is a statutorily defined "consumer"; (2) that the "debt" must arise out of transactions which

are "primarily for personal, family or household purposes"; (3) that the defendant is a statutorily

defined "debt collector"; and (4) that the defendant violated one of Section 1692's substantive

provisions.  *See Whittiker v. Deutsche Bank Nat. Trust. Co.*, 650 F. Supp.2d 914, 926 (N.D. Ohio

2009); 15 U.S.C. § 1692.

First, the Court finds that, as alleged, Defendant MERS is not a "debt collector" under the

FDCPA.  The FDCPA is directed solely at the debt collection activities of certain classes of

statutorily defined "debt collectors." *Bridge v. Ocwen Fed. Bank*, 669 F. Supp.2d 853, 857 (N.D.

Ohio 2009) (citing 15 U.S.C. § 1692a(4), (6)).   Under the FDCPA, a "debt collector" is defined as

"any person who uses any instrumentality of interstate commerce or the mails in any business the

principle purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or assessed to be owed or due to another." 15 U.S.C.

§ 1692a(6).  A plaintiff pursuing a claim under the FDCPA bears the burden of establishing by proof

Case No. 1:11-CV-00585
Gwin, J.

that the defendant is a debt collector. *Golliday v. Chase Home Finance, LLC*, 761 F. Supp.2d 629, 635 (W.D. Mich. 2011). Here, there is no allegation that Defendant MERS was involved in any debt collection activity. *See Robbins v. MERS, Inc.*, 2009 WL 3757443, at *5 (E.D. Mich. Nov. 9, 2009) (finding that MERS is not a debt collector and noting regarding similar allegations that "[t]he complaint alleges that Defendants (collectively) have violated various provision[s] of the FDCPA, but [it] does not allege that MERS is a debt collector, that MERS engaged in any actions of a debt collector, or that MERS in particular violated any provision of the FDCPA"). In the complaint in this case, MERS is never mentioned and its only relationship to the events in this suit seems to be completing an assignment of the promissory note from Defendant Accredited to Defendant Deutsche Bank. [Doc. 14-1.]

Second, the Court also finds that the Plaintiffs fail to allege the Defendants Bank of America and Countrywide are "debt collectors." The FDCPA exempts any person collecting a debt owed or due another where the activity, *inter alia*, "concerns a debt which was originated by such person" or "concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). As such, the purchasers and servicers of a debt are exempted from the FDCPA if those debts are obtained when the debt is not in default. 15 U.S.C. § 1692a(6)(F); *Gathing v. MERS, Inc.*, 2010 WL 889945, at *12 (W.D. Mich. Mar. 10, 2010). Here, the Plaintiffs alleges that Countrywide serviced the debt as early as 2008 and that Bank of America began servicing the debt by 2009. Taking the Plaintiffs' allegations as true, both of these institutions were servicing the debt before any default, which the Plaintiffs say occurred in 2010. [Doc. 2-1 at 4-7.] Thus, as alleged, neither would be a "debt collector" under the FDCPA and would be exempt from its provisions. *See Glazer v. Chase Home Finance, LLC*, 2010 WL 1391937, at *3-4 (N.D. Ohio Mar. 31, 2010);

-11-

Case No. 1:11-CV-00585
Gwin, J.

*Robbins*, 2009 WL 3757443, at *5; *Tocco v. Argent Mortg. Co., LLC*, 2007 WL 170855, at *10
(E.D. Mich. Jan. 18, 2007).

Finally, the Court will consider whether the Plaintiffs adequately alleged a claim under the
FDCPA against Defendant Deutsche Bank.  The Court finds sufficient allegations to support
Plaintiffs argument that Deutsche Bank is subject to the FDCPA.  Like loan servicers, the holder of
a loan or a note is not subject to the provisions of the FDCPA where the debt is their own and was
acquired prior to default.  15 U.S.C. § 1692a(6)(F).  The Plaintiffs executed a promissory note to
Defendant Accredited and Defendant Deutsche did not originate the loan.  If Plaintiffs' allegations
are true, then it seems likely that Deutsche Bank purchased the note in default.  The allegedly invalid
assignment from Defendant Accredited to Deutsche Bank was made on April 13, 2010, and the
mortgage foreclosure lawsuit was filed on April 16, 2010.  The circumstances of the case –
specifically that Deutsche Bank filed for foreclosure only three days after purchasing the note –
suggest Deutsche Bank purchased a debt that was in default at the time it was purchased. 15 U.S.C.
§ 1692a(6)(F).  Thus, the provisions of the FDCPA would apply to Deutsche Bank.

Further, aside from the fact that the debt was likely acquired when in default, the Plaintiffs
also say that Deutsche Bank never validly acquired the note in question, but nonetheless filed a
lawsuit to collect that debt.  One decision in this district has held that this conduct alone is not
sufficient to establish status as a "debt collector."  In *Bridge v. Ocwen Federal Bank*, the plaintiff
alleged that a loan subject to a foreclosure action was never properly transferred or assigned.  In
dismissing the FDCPA claim, the court found that although the lack of standing would be a defense
to foreclosure, the lack of standing did not transform the defendant financial institution – who
normally would not be subject to the FDCPA as a creditor – into a "debt collector" under the Act.

-12-

Case No. 1:11-CV-00585
Gwin, J.

*Ocwen*, 669 F. Supp.2d at 858; *see also* *Byrd v. Law Offices of John D. Clunk Co., LPA*, 2010 WL 816932, at *10  (S.D. Ohio Mar. 8, 2010); *Wells Fargo Bank, N.A. v. Sessley*, 935 N.E.2d 70, 81 (Ohio Ct. App. 2010).  Significantly though, in *Ocwen*, at the time the bank purchased the loan the Plaintiff "was not then, nor had she ever been, in default on her mortgage loan." *Ocwen*, 669 F. Supp.2d at 855.  Under the FDCPA, a "debt collector" is one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another," which under a literal reading could include one who regularly files debt collection lawsuits when the debt remains owed to another party.  15 U.S.C. § 1692a.  Given that the Plaintiffs allegations, when construed in their favor, suggest that Deutsche Bank has a practice of engaging in foreclosure lawsuits without proper standing, the Court finds that sufficient issues exist and that it is not appropriate to resolve at this time whether Deutsche Bank falls within the statutory definition of "debt collector."

With regard to a substantive violation of the FDCPA, the Court finds that the Plaintiffs' allegations are sufficient to state a claim against Deutsche Bank.  The Plaintiffs allege that the Deutsche Bank violated the FDCPA by filing a foreclosure action, even though it lacked legal capacity to bring the suit.  [Doc. 2-1 at 4-7.]  Simple inability to prove present debt ownership at the time a collection action is filed is not a *per se* FDCPA violation.  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331-33 (6th Cir. 2006); *Kline v. MERS*, 2010 WL 1133452, at *7 (S.D. Ohio Mar. 22, 2010) (simple inability to prove ownership in a foreclosure action does not violate the FDCPA).  Courts have held more generally, however, that where a "debt collector" files a lawsuit to collect in an action in which the amount of the debt or the validity of the debt collection's legal claim upon the debt is knowingly misrepresented, that a FDCPA complaint will survive a motion to dismiss.  *See, e.g.*, *Kline v. MERS*, 2010 WL 1133452, at *8 (S.D. Ohio Mar. 22, 2010) (holding that an inability

-13-

Case No. 1:11-CV-00585
Gwin, J.

to prove a debt at the time of filing a collection lawsuit does not violate the FDCPA, but finding that

the use of a false attachments in an attempt to prove debt would violate the FDCPA); *Whittiker, 650*

*F. Supp.2d at 929-31* (collecting cases and discussing circumstances under which the filing of

foreclosure action could be actionable under the FDCPA); *Williams v. Javitch, Block & Rathbone,*

*LLP*, *480 F. Supp.2d 1016, 1021-24 (S.D. Ohio 2007)* (knowledge that information in affidavit is

false as to specifics of debt violates FDCPA); *Delawder v. Platinum Financial Services*, *443 F.*

*Supp.2d 942, 948 (S.D. Ohio 2005)* (false affidavit attached to complaint would constitute a

violation of Section 1692e(2)).[1/]  Here, the Plaintiffs allege that Deutsche Bank filed the April 2010

foreclosure action with actual knowledge that the assignment was invalid and that it was not possible

for it to prove the right to collect on the debt.  The Court finds that this allegation is sufficient to

survive a motion for judgment on the pleadings.

   The Court **GRANTS** the motion for judgment filed by Defendants Bank of America,

Countrywide, and MERS on their claim because the Plaintiffs' do not allege facts that would

establish these parties are debt collectors under the FDCPA.  However, the Court **DENIES** the

motion for judgment on this claim against Deutsche Bank because the allegations are sufficient to

state a claim.

*III.E  Ohio Consumer Sales Practices Act (Count Six)*

---

[1/] Some courts in this Circuit, including this Court, have applied this case law to the filing of judicial foreclosure actions.  *See, e.g.*, *Turner v. Lerner, Sampson & Rothfuss*, *2011 WL 834064, at *5-6 (N.D. Ohio Mar 4, 2011)*; *Whittiker*, *650 F. Supp.2d at 931* (stating that a foreclosure action filed with knowledge that there is no legal right to collect a debt would violate Section 1692e); *Kline v. MERS*, *2010 WL 1133452, at *7 (S.D. Ohio Mar. 22, 2010)* (same). However, in *Lerner*, the defendant did not dispute their status as a "debt collector" for purposes of that motion and admitted that all of the substantive provisions of the FDCPA applied to its debt collection activities.  The Court's ruling on this motion does not foreclose the Defendants from later arguing, based upon the factual record,  that they are not engaged in debt collection activities, or that the foreclosure action was merely a suit to enforce a security interest. *Montgomery v. Huntington Bank*, *346 F.3d 693, 699-701 (6th Cir. 2003)*; *Mabry v. Ameriquest Mort. Co.*, *2010 WL 1052353, at *3 (E.D. Mich. Feb. 24, 2010)*; *Stamper v. Wilson & Associates, P.L.L.C.*, *2010 WL 1408585, at *6-7 (E.D. Tenn. Mar. 31, 2010)*.

Case No. 1:11-CV-00585
Gwin, J.

The also Plaintiffs allege a violation of the Ohio Consumer Sales Protection Act ("OCSPA"), Chapter 1345. Ohio Revised Code section 1345 makes it unlawful for a "supplier" to engage in an unfair, deceptive, or unconscionable act or practice in regard to a "consumer transaction." O.R.C. § 1345.02.  The OCSPA defines a "supplier" as a "person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer." O.R.C. § 1345.01(B).  The OCSPA defines a "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." O.R.C. § 1345.01(A).  However, excluded from "consumer transactions" are those between "financial institutions" and their "customers," except for "transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers[.]" Id.  Among the list of exempted "financial institutions" are national banks organized under the National Bank Act, federal savings associations or savings banks chartered under 12 U.S.C. § 1464, and a "bank, banking association, trust company, savings and loan association, savings bank, or other banking institution that is incorporated or organized under the laws of any state[.]" O.R.C. § 5725.01(A)(1)-(3).

First, the Court finds that the Plaintiffs fail to allege any conduct by Defendants MERS and Countrywide that would violate the OCSPA.  MERS is not mentioned in the complaint and the Plaintiffs merely allege that Countrywide serviced the loan, but allege no improper acts.  [Doc. 2-1.] The Court, therefore, finds that the Plaintiffs fail to state a claim against both MERS and Countrywide under the OCSPA.

Second, the Court will consider whether the Plaintiffs state a claim under the OCSPA against

-15-

Case No. 1:11-CV-00585
Gwin, J.

Defendants Deutsche Bank, Gladwell, and Reisenfeld.  The Plaintiffs say that these Defendants violated the OCSPA because they filed the foreclosure lawsuit without proper standing.  On its part, Deutsche Bank says that it is exempted from the provisions of the OCSPA because it is a financial institution.  [Doc. 12 at 10.]  Under the OCSPA, "consumer transactions" between "financial institutions" and their "customers," are excluded from the Act, except for "transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers[.]"  O.R.C. § 1345.01(A).  Because Deutsche Bank is a "federally chartered banking institution," it would be exempted from the OCSPA if it had originated the debt.  However, based upon the Plaintiffs' allegations, it seems likely that Deutsche Bank purchased the note in default.  The allegedly invalid assignment from Defendant Accredited to Deutsche Bank was made on April 13, 2010, and the mortgage foreclosure lawsuit was filed on April 16, 2010.  [Doc. 2-1 at 6; Doc. 14 at 6.]  The Plaintiffs' allegations, and the circumstances of the case, give inference that Deutsche Bank's business includes the purchasing of distressed or defaulted debts.  Although Deutsche Bank is an exempted financial institution in many of its business transactions, its status in those other transactions will not exempt it from suit under the OCSPA if it acted as a debt collector with regard to other debts.  *Midland Funding LLC v. Brent*, 644 F. Supp.2d 961, 976 (N.D. Ohio 2009) (applying similar analysis to debt collector); *Lee v. Javitch, Block & Rathbone*, 522 F. Supp.2d 945, 956 (S.D. Ohio 2007); *Williams*, 480 F. Supp.2d at 1024. Thus, the Court finds that determining whether Deutsche Bank was acting as an exempted financial institution is a factual matter that cannot be  resolved in this motion.  Similarly, the Court finds that the application of OCSPA to Defendant Gladwell and Reisenfeld, who filed the foreclosure action on behalf of Deutsche Bank, would also be premature.  Both Defendants argue that since they were filing suit on behalf of a financial

-16-

Case No. 1:11-CV-00585
Gwin, J.

institution, that they should be exempt from the OCSPA. [Doc. 17 at 5-7.]  Because both are relying

upon Deutsche Bank's status as a financial institution – which is not clear in this case – neither are

entitled to an exemption from the OCSPA as this time either. *Gionis v. Javitch, Block & Rathbone*,

*405 F. Supp.2d 856, 869 (S.D Ohio 2005)*.  Further, it is not clear whether their collection efforts

should be considered a separate consumer transaction that would itself not be entitled to the financial

institution exemption. *Midland Funding*, 644 F. Supp.2d at 976.

　　　Having determined that the OCSPA applies to Defendants Deutsche Bank, Gladwell, and

Reisenfeld for purposes of this motion, the Court will consider whether the Plaintiffs sufficiently

allege a substantive violation of the OCSPA.  Although the types of transactions that the OCSPA and

the FDCPA regulate are not always co-extensive (the OCSPA is much broader), courts in this Circuit

have generally interpreted the Ohio statute and the FDCPA as prohibiting the same acts. *See, e.g.*,

*Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 403 (6th Cir.1998)*; Becker v. Montgomery, Lynch*, 2003 WL

23335929, at *2 (N.D. Ohio, Feb. 26, 2003)*.  With regard to Deutsche Bank, Gladwell, and

Reisenfeld, the filing of a deceptive lawsuit could constitute a violation of the OCSPA.  However,

like under the FDCPA, simply failing to prove present ownership of a debt in a lawsuit would not

constitute a violation.  *See Delawder*, 443 F. Supp.2d at 953*; Williams*, 480 F. Supp.2d at 1024

(applying same standard to FDCPA and OCSPA claims alleging the filing of false debt collection

lawsuits); *Havens-Tobias v. Eagle*, 2003 WL 1601461, at *4-5 (Ohio Ct. App. March 28, 2003)*.

Here, the Court finds that the allegations are sufficient to suggest that these defendants filed the

foreclosure action even though the Defendants had knowledge that the assignment of the mortgage

was invalid and that Deutsche Bank lacked means to prove a right to collect.  As previously noted,

this allegation is sufficient to survive a motion to dismiss.

-17-

Case No. 1:11-CV-00585
Gwin, J.

Finally, the Court will determine whether the Plaintiffs state a claim against under the OCSPA against Defendant Bank of America Home Loans, who serviced the note.  The Plaintiffs allege that Bank of America failed to properly credit loan payments and also misrepresented the availability of refinancing.  Bank of America, however, argues that since it was not involved in the mortgage transaction as a " loan officer[], mortgage broker[], or nonbank mortgage lender[]" that the OCSPA does not cover its conduct.  [Doc. 18 at 9.] The language of the OCSPA undercuts that argument.  The rule that "loan officers," "mortgage brokers," and "nonbank mortgage lenders" are covered by the OCSPA is not a general rule that only these categories can be liable as to residential mortgages; rather, this is an exemption from the broader exception that transactions between "financial institutions" and their customers are not "consumer transactions" covered by the OCSPA. O.R.C. § 1345.01(A).  Defendant Bank of America Home Loans is not a "financial institution," but rather, is a subsidiary of a "financial institution," and the broader financial institution exception would not apply.  *Kline v. MERS, Inc.*, 2010 WL 1267809, at *5 (S.D. Ohio Mar. 30, 2010) (finding that Countrywide is not exempt as the subsidiary of a "financial institution").  Thus, this narrower exemption is not relevant.

More generally, although still an open question under Ohio law, other district courts that have recently considered the OCSPA have held that loan servicers for residential mortgages are not generally exempt from the OSCPA, even where the original mortgage transaction is between a "financial institution" and its customer.  *Kline v. MERS, Inc.*, 2011 WL 692235, at *4-5 (S.D. Ohio Feb. 18, 2011); *see also Dowling v. Litton Loan Servicing*, 2006 WL 3498292, at *13-14 (S.D. Ohio Dec. 1, 2006) (finding that "financial institution" exception does not cover loan servicing agents because the OCSPA should be interpreted broadly to cover all conduct not specifically exempted);

-18-

Case No. 1:11-CV-00585
Gwin, J.

*Anderson v. Barclays Capital Real Estate, Inc.*, 2010 WL 2541807, at \*9 (N.D. Ohio Jun. 18, 2010)
(noting that application of OCSPA to servicers of a mortgage is not clear and stating that issue would
be certified to the Supreme Court of Ohio). These courts have found that the relationship between
the servicer – who collects the debt – and the consumer, is a separate "consumer transaction," and
that the provisions of the OCSPA would apply unless the "financial institution" exception separately
applied. Given the broad remedial purpose of the OCSPA, the Court follows these holdings and now
finds that Defendant Bank of America is not exempted from the OCSPA. *See Celebrezze v. United
Research, Inc.*, 482 N.E.2d 1260, 1262 (Ohio 1984) (construing OCSPA broadly given its remedial
purpose).

Having rejected Bank of America's argument that it is exempted from the OCSPA as a
servicer of a mortgage, the Court will now determine whether any conduct that violates the OCSPA
is alleged. The OCSPA broadly prohibits any "unfair, deceptive, or unconscionable act or practice."
O.R.C. § 1345.02. The Plaintiffs allege that Bank of America collected monthly payments without
properly crediting them to their account and also misrepresented the availability of a loan refinancing
program. [Doc. 2-1 at 5.] The Court finds these allegations are sufficient to survive the current
motion. *See Kline*, 2011 WL 692235, at \*1-8 (misconduct related to servicing of a loan sufficient);
*Anderson*, 2010 WL 2541807, at \*6 (failure to respond to inquiries and to properly credit mortgage
payments sufficient allegation); *Litton Loan Servicing*, 2006 WL 3498292, at \*14 (similar allegations
sufficient to state a claim for relief).

Accordingly, the Court **DENIES** the Defendants' motions as to Bank of America, Deutsche
Bank, Gladwell, and Reisenfeld because the Plaintiffs adequately state a claim under the OCSPA.
The Court, however, **GRANTS** the motion as to Defendants Countrywide and MERS because the

-19-

Case No. 1:11-CV-00585
Gwin, J.

Plaintiffs allege no conduct that would violate the OCSPA.

*III.F  Civil Conspiracy (Count Five)*

The Plaintiffs also bring a claim for civil conspiracy, alleging that the "Defendants engaged in a civil conspiracy in abusing legal processes and creating false documents for the purpose of slandering Plaintiffs' credit and instituting legal proceedings without standing." [Doc. 2-1 at 8.] Under Ohio law, the elements of civil conspiracy are (1) a malicious combination of two or more persons; (2) causing injury to person or property; (3) the existence of an unlawful act which is independent from the conspiracy itself; and (4) damages.  *Gosden v. Louis*, 687 N.E.2d 481, 496 (Ohio 1996).

Although somewhat unclear, the Plaintiffs seem to be basing their conspiracy claim on four different underlying causes of action: (1) abuse of process; (2) slander of credit; (3) the FDCPA; and (4) the OCSPA.  First, the Court granted judgment on the abuse of process claim, so it cannot serve as a predicate illegal act.  Second, the Plaintiffs do not plead any facts or circumstances that could constitute slander of credit.  The Plaintiffs do not plead a stand-alone slander of credit claim and do not allege that any of the Defendants reported them to a credit reporting agency.  However, the Plaintiffs do allege claims against Deutsche Bank, Gladwell, Reisenfeld for violations of the FDCPA and OCSPA related to the foreclosure action.  The Court, thus, finds that the civil conspiracy is adequately alleged against these Defendants.  The Court **DENIES** the motion for judgment as to Deutsche Bank, Gladwell, Reisenfeld and **GRANTS** the motion for judgment as to Countrywide, Bank of America, and MERS.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the

Case No. 1:11-CV-00585
Gwin, J.

Defendants' motions for judgment.  First, with regard to the claims for abuse of process, malicious prosecution, and frivolous conduct, the Court **GRANTS** the motions; second, with regard to the FDCPA claim, the Court **GRANTS** the motions for judgment as to Defendants Bank of America, Countrywide, and MERS, and **DENIES** the motions as to Defendant Deutsche Bank; third, with regard to the OCSPA claim, the Court **DENIES** the motions as to Defendants Bank of America, Deutsche Bank, Gladwell, and Reisenfeld, and **GRANTS** the motions as to Defendants MERS and Countrywide; and finally, with regard to the civil conspiracy claim, the Court **GRANTS** the motions as to Defendants MERS, Countrywide, and Bank of America, and **DENIES** the motions as to Defendants Deutsche Bank, Gladwell, and Reisenfeld.

IT IS SO ORDERED.


Dated: July 18, 2011                                    s/      *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

-21-